

1507-A

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B.M. Whiteacre
County Auditor
Grayson County
Sherman, Texas

Dear Sir:

Opinion No. 0-1507-A
Re: Authority of Assistant County
School Superintendent to sign checks,
Liability of depository bank.

We have received your letter dated October 25, 1940,
wherein you undertake to point out certain inconsistencies or
conflicting statements in our Opinion No. 0-1507, and, in ef-
fect, request a reconsideration of this opinion. You also re-
quest our opinion upon the additional question:

"Would the depository bank be liable in paying
vouchers signed by the County School Superintendent's
Assistant?"

Your letter reads:

"Please furnish me a written opinion on the fol-
lowing proposition:

"Would the Assistant County School Superintendent
be authorized to sign the name of the County School
Superintendent approving vouchers given by the Common
School Trustees?

"This office is cognizant of Opinion No. 0-1507
which holds that 'vouchers issued by the Trustees of
the Common School District may legally be approved
and signed only by the County Superintendent. How-
ever if the County Superintendent approves the vouch-
ers, his Assistant, upon proper instructions, may per-
form the physical act of signing the County Superin-
tendent's name to the vouchers.'

"This to me is a conflicting opinion, the first
sentence holding that only the County Superintendent
may legally sign a voucher, and the second sentence
modifying the first and holding that the physical act
of signing may be done by the Assistant.

........ IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable B. M. Whiteacre, Page 2

"I cannot see how it would be possible to determine wherein the County Superintendent had actually approved a voucher if such voucher was signed by his Assistant.

"Would the depository bank be liable in paying vouchers signed by the County School Superintendent's Assistant?"

We have reconsidered Opinion No. O-1507, and fail to find in what respect it is inconsistent. As pointed out in that opinion, the signing of the vouchers by the Assistant County School Superintendent under the circumstances set forth in the request for the opinion carried with it the authority to approve such vouchers. This opinion holds, in effect, that only the County School Superintendent in person may legally approve vouchers issued by the trustees of a Common School District, but that after the vouchers have been approved by the County School Superintendent, the mere physical act of signing the superintendent's name to the vouchers, being a purely ministerial or mechanical act requiring no exercise of judgment or discretion, may be delegated to and performed by the Assistant County School Superintendent. This opinion, a copy of which is enclosed herewith for your information, we think properly disposes of your first question.

With reference to your second question, if the vouchers involved are first approved by the County School Superintendent, personally, then if the Superintendent's name is signed by the Assistant Superintendent, it is clear that the depository bank would not be liable in paying same. This presents the question suggested by you as to how it will be possible for the depository bank to determine if the vouchers have been approved by the Superintendent if such vouchers are signed by the assistant. It is the responsibility of the depository bank to determine that such vouchers have been approved by the County School Superintendent.

APPROVED DEC 18, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

Very truly yours

ATTORNEY GENERAL OF TEXAS

By D. Burle Davis

D. Burle Davis
Assistant

DBD:AW